## William G. Downs *vs.* Abiel S. Lewis & another

A., residing out of the commonwealth, and holding two claims against B., who was in insolvency here, agreed that if B. would procure C. to pay one of said demands in full, he would prove the other against B.'s estate, and receive the dividend declared thereon in full satisfaction, and would never sue the claim. B. did so, and C. paid one demand in full. A. afterwards sued the other demand, without proving it in insolvency, and the agreement was held no defence, it being in contravention of the policy of the insolvent laws of the commonwealth.

A defendant moved for a special judgment exempting him from arrest, and relied upon a discharge in insolvency, under *St.* 1838, *c.* 163. The plaintiff denied the validity of the discharge, for reasons involving questions of fact. *Held*, that the issue was to be determined by a jury and not by the court.

ASSUMPSIT upon two promissory notes made by the defendants, of Roxbury, in the county of Norfolk, payable to the order of Whitney and Brothers, who resided out of the commonwealth, and by them indorsed to the plaintiff, a resident of New Jersey. The notes were dated Boston, September 15, 1847, and payable generally. The principal grounds of defence were, a discharge in insolvency, under *St.* 1838, *c.* 163, dated July 9, 1849, and a special agreement of the following character: That when the defendants commenced proceedings in insolvency, said Whitney and Brothers, being then the holders of the notes now declared upon, and also having another claim against the defendants, agreed that if the defendants would procure Pitts Lewis to pay the last demand, they would prove the notes, now in suit, against the estate of the defendants, and would receive the dividend declared therefrom in full satisfaction of said notes, and would never prosecute the same against the defendants; and that the defendants did procure said payment of the other claim held by Whitney and Brothers, in pursuance of the said agreement. The defence further was that the notes in suit were not proved in insolvency, but were transferred to the plaintiff when overdue. In the court of common pleas, *Perkins*, J. ruled that proof of these facts would constitute no defence to the action, and the jury returned a verdict for the plaintiff. The defendants excepted.

After verdict the defendants moved that if any judgment should be entered against them, it should be a special judgment, directing that any execution issuing thereon should not run against their bodies, as provided by *St.* 1838, *c.* 163, § 7, and relied upon their discharge before pleaded as a defence to the merits. The plaintiff denied the validity of the discharge, and filed objections ·thereto, involving questions of fact, and claimed the right to have that issue determined by a jury, but the presiding judge refused to allow the issue to be tried by a jury, but ruled that it was for the court to pass upon the validity of the discharge, although it involved questions of fact, and after a hearing, ordered a special judgment to be entered in accordance with the defendants' motion. The plaintiff excepted to this ruling.

7*

*S. G. Nash*, for the plaintiff.

*I. W. Richardson*, for the defendants.

DEWEY, J.    The defence to this action on the merits must fail upon the ground that the contract set up by the defendants was one that cannot be enforced in a court of law. Every contract is void whose consideration is tainted with illegality.    Such illegality is shown to exist when the consideration of the same contravenes the special provisions of a statute, or where it violates certain great principles of public policy.    So agreements in contravention of the principles of the insolvent or bankrupt laws, have been held invalid.    *Cockshott* v. *Bennett*, 2 T. R. 765; *Pidcock* v. *Bishop*, 3 Barn. & Cres. 605; *Wiggin* v. *Bush*, 12 Johns. 506; *Case* v. *Gerrish*, 15 Pick. 49; *Rose* v. *Main*, 1 Bing. N. C. 357; *Staines* v. *Wainwright*, 6 Id. 174; *Payne* v. *Eden*, 3 Caines, 213; Chit. on Cont. 670.    This contract is objectionable as one prejudicial to the other creditors of the insolvent debtor, and operating to induce a course of action, on the part of the defendants' creditors, different from what he might otherwise have done, and which might severely affect the interests of other creditors.

The plaintiff was a citizen of New Jersey, and being such, he would not be affected by the insolvent law of Massachusetts in reference to the discharge of the debtor, to the extent of discharging his debt.    He was at liberty to come in and file his demands, and share the assets *pro rata* with the Massachusetts creditors.    But filing the demand, affecting, as it might materially, the *pro rata* dividend, and what is more important affecting the amount of his debts and the number of his creditors, who might assent to his discharge, must be free, and without inducements by secret payments or preferences over other creditors made to him by the insolvent.

The terms of the contract that is now set up, were such as directly to induce the plaintiff to signify his assent to the discharge of the insolvent.    His agreement was, that upon a certain payment of another demand being made to him by one Pitts Lewis, he would prove this demand as a claim against the estate, and would receive the dividend that should be thereon paid in satisfaction of the same, and would never prosecute the same.

It will be perceived that this was virtually binding said creditors to assent to the discharge, however fraudulent the insolvent might have been, or whatever else might induce other creditors to withhold their assent to his discharge, as this party had agreed to discharge his debt thus proved. Now if the creditors residing in another state elect to come in and prove their debts, and take their chance for better or worse with Massachusetts creditors, they certainly may do so, but they are not to be brought in by preferences or promises to pay all, or a part of the deficiency, that may result from the want of assets. Such arrangements and contracts are at variance with the spirit and policy of our insolvent law, providing for equal *pro rata* distribution of assets among the creditors, and authorizing a discharge of the insolvent only upon the assent of a majority of his creditors.

We think, therefore, that this contract cannot be set up in defence, being one that is in contravention of the policy of the insolvent laws of this commonwealth. Such being the case, for this cause, and, entirely irrespective of the objection, further argued, as to the want of consideration for the promise, this defence fails to the action, and the judgment was properly rendered in favor of the plaintiff upon these notes.

The further question is one of interest, and important, as settling a rule of practice. It is this ; when in the specification of defence the defendant sets up a discharge, which, though as against a citizen of New Jersey may be unavailing as to the merits, yet may operate to prevent the issuing any process that will cause the arrest of the body of the debtor, how is the validity of such discharge to be tried, if contested by the plaintiff? Is it by the court alone, or by an issue to the jury ? And, upon consideration, we are all satisfied that such trial must be by the jury. The case presents the same question as would arise when the discharge is pleaded in bar of a demand of a Massachusetts creditor. The defendant pleads his discharge. To that an answer or replication must be given, setting forth the facts that avoid the discharge, and to this a rejoinder must follow. An issue is then tendered, presenting a proper case for a jury, and from the very nature

of the case, the matter alleged in avoidance will be usually a question as to facts, and one properly to be passed upon by the jury. We think in this respect there was error in the present case. The result will be that the exceptions of the defendant are overruled, and judgment is to be entered for the plaintiff, for the amount of his damages as claimed. A new trial will be ordered only as to the question of the validity of the discharge set forth in his specification. As to that, a proper issue will be framed and the questions arising thereon be submitted to the jury.